### In the Matter of Leah S. FINK, Respondent.

### No. 31S00–1410–DI–651.

Supreme Court of Indiana.

Jan. 8, 2015.

*PUBLISHED ORDER OF INTERIM SUSPENSION FROM THE PRACTICE OF LAW*

The Indiana Supreme Court Disciplinary Commission has filed a "Verified Emergency Petition For Order Of Interim Suspension" pursuant to Admission and Discipline Rule 23(11.1)(b), asking that Respondent be suspended immediately from the practice of law in this State, pending further order of this Court or final resolution of any resulting disciplinary action, due to•alleged misconduct that may cause Respondent's continued practice of law during the pendency of a disciplinary investigation or proceeding to pose a substantial threat of harm to the public, clients, potential clients, or the administration of justice.

Respondent has not filed an answer to the petition. *See* Admis. Disc. R. 23(11.1)(b)(2). Instead, Respondent, by counsel, filed a motion to dismiss the Commission's petition due to alleged defects in service of process. However, in her motion Respondent acknowledges having received a copy of the petition on November 4, 2014, despite the petition apparently having been mailed to an incorrect address. Further, Respondent's motion, filed on November 13, 2014, demonstrates Respondent's awareness of the information asserted to be lacking in the papers served by the Commission, including Respondent's obligation to answer and her fourteen (14) day deadline for doing so.

With the Commission's petition and Respondent's motion still pending, on December 31, 2014, the parties filed an "Agreement to Interim Suspension." Under the terms of that agreement, Respondent's law license would be suspended *pendente lite* but Respondent would not be prohibited from maintaining a presence in a law office during the period of her interim suspension. This provision of the agreement runs contrary to our rule that a suspended attorney "shall not maintain a presence or occupy an office where the practice of law is conducted" following the effective date of suspension. *See* Admis. Disc. R. 23(26)(b); *see also* Admis. Disc. R. 23(11.1)(b)(8). Accordingly, the Court rejects the parties' agreement.

Being duly advised, the Court now DENIES the Respondent's motion to dismiss, GRANTS the Commission's petition, and ORDERS that **Respondent be suspended from the practice of law in this State, effective immediately.** Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline

Rule 23(26). The suspension shall continue until further order of this Court or final resolution of any resulting disciplinary action.

All Justices concur.